UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| RODNEY C. PRATT, )<br>)<br>    Plaintiff, )<br>)<br>V. )<br>)<br>GAIL L. GIESE, )<br>)<br> and )<br>)<br>COMMONWEALTH OF KENTUCKY, )<br>FINANCE AND ADMINISTRATION )<br>CABINET, OFFICE OF THE )<br>CONTROLLER, DIVISION OF STATE )<br>RISK AND INSURANCE SERVICES, )<br>)<br>    Defendants. ) | Civil Action No. 5: 16-355-DCR<br><br>**Electronically Filed** |

## **[PROPOSED] FIRST AMENDED COMPLAINT WITH JURY DEMAND**

Plaintiff Rodney C. Pratt, by counsel, for his First Amended Complaint against Defendants Gail L. Giese and the Commonwealth of Kentucky, respectfully alleges as follows:

### **NATURE OF THE CASE**

1. This is a civil action for personal injuries suffered by former Kentucky State Trooper Rodney C. Pratt against Defendant Gail L. Giese. This action arises out of a motor vehicle collision on September 21, 2014, on I-75 South in Lexington, Fayette County, Kentucky, in which a motor vehicle operated by Gail Giese collided with the rear of the vehicle occupied by Mr. Pratt. The Defendant's negligence was a substantial and contributing factor in causing Plaintiff's injuries. At the time of the motor vehicle collision, Defendant Giese was an underinsured motorist. The vehicle operated by the Plaintiff was owned by the Kentucky State Police and was insured under the Kentucky Self-Insured Auto Program.

**PARTIES**

2. Plaintiff Rodney C. Pratt is an individual and citizen of the state of Florida. Mr. Pratt is currently a Marine Interdiction Agent with U.S. Customs and Border Protection. At the time of the motor vehicle collision giving rise to this action, Mr. Pratt was a Senior Trooper with the Kentucky State Police.

3. Defendant Gail L. Giese is an individual and citizen of the state of Ohio.

4. Kentucky's Division of State Risk and Insurance Services is responsible for providing insurance for all state-owned and state-operated facilities and vehicles. The Division of State Risk and Insurance Services is a division of the Office of Controller which is a division of the Kentucky Finance and Administration Cabinet, which in turn is a governmental subdivision of Defendant the Commonwealth of Kentucky. Service of process on Defendant Commonwealth of Kentucky can be made by serving the Kentucky Attorney General pursuant to Rule 4.04(6) of the Kentucky Rules of Civil Procedure.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity among the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions occurred in this district.

**FACTUAL ALLEGATIONS**

7. On September 21, 2014, Plaintiff Rodney C. Pratt ("Plaintiff" or "Trooper Pratt") was employed as a Kentucky State Trooper.

8. On the evening of September 21, 2014, Trooper Pratt was on duty as a Kentucky State Trooper.

9. On September 21, 2014, at approximately 8:03 p.m., Trooper Pratt observed a stranded motorist pulled to the right shoulder on I-75 south near the 103 mile marker. Trooper Pratt had activated his emergency equipment (blue lights) and initiated a "Motorist Assist."

10. Trooper Pratt had pulled his 2011 Ford Crown Victoria along the side the disabled vehicle which was pulled off of the shoulder enough for both vehicles to be completely off the roadway. It was at this time that Trooper Pratt made contact with the driver of a red Ford F-250 pickup truck which had broken down. The operator of the pickup, Mr. Michael E. Stiltner II, had exited his vehicle to speak with Trooper Pratt.

11. While the Mr. Stiltner was leaning inside Trooper Pratt's passenger window a 2011 Ford Fusion operated by Defendant was traveling south on I-75 in the far right lane.

12. The Ford Fusion operated by Defendant was traveling between 71-72 mph with the cruise control activated.

13. Defendant fell asleep at the wheel causing her Ford Fusion to drift to the right shoulder, cross the white fog line and rumble strip, and then strike the rear of Trooper Pratt's police cruiser.

14. The collision caused Trooper Pratt's vehicle to uncontrollably make 180 degree turn and resulting in his vehicle facing in the opposite direction of travel at final rest.

15. At the time of the collision, Trooper Pratt's emergency lights were activated and operational and he was wearing his seatbelt.

16. As a result of the collision, Plaintiff was transported to the University of Kentucky Hospital by Lexington Fire and EMS for injuries he sustained in the collision.

17. The Kentucky Uniform Police Traffic Collision Report created by Kentucky State Trooper Lindon states Defendant's fatigue, inattention, or fact that she fell asleep while operating her vehicle caused or contributed to the collision injuring Plaintiff.

18. After the collision a blood sample was collected from Defendant by the Kentucky State Police for a drug test. Defendant's drug test results were positive for Oxycodone, Cyclobenzaprine, and Diphenhydramine.

19. The Division of State Risk and Insurance Services operates the Kentucky Self-Insured Auto Program (KSAP), which administers a self-insured, state owned vehicle insurance program that was established in 2011.

20. The vehicle occupied by Plaintiff on September 21, 2014, was owned by the Kentucky State Police.

21. On September 21, 2014, there was in full force and effect a policy of automobile insurance issued by the Kentucky Self-Insured Auto Program, Policy No. S1160, a copy of which is attached as Exhibit A. The named insured on the policy is Defendant Commonwealth of Kentucky.

22. This policy included underinsured motorist coverage for Kentucky State Police in the amount of $350,000 per accident.

**FIRST CAUSE OF ACTION**
**[Negligence]**

23. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

24. On September 21, 2014, Defendant was operating her 2011 Ford Fusion when she negligently and wantonly allowed his vehicle to collide with Trooper Pratt's vehicle.

25. Defendant had a duty to act reasonably and use care while driving. Defendant had a duty to keep her vehicle under control, to maintain a safe distance between other vehicles, to maintain a proper lookout, and to pay full time and attention to the operation of her vehicle and avoid a collision.

26. Defendant breached that duty of due care and was negligent by failing to pay proper attention to the roadway and the traffic, driving while fatigued resulting in falling asleep at the wheel, failing to maintain a safe distance between her vehicle and Plaintiff vehicle, and failing to control the vehicle in order to avoid a collision, thereby causing a collision with Plaintiff's vehicle.

27. As a direct and proximate result of Defendant's Negligence, Plaintiff sustained injuries and damages.

28. Plaintiff demands judgment against Defendants and seeks compensatory, damages, the costs of suit and, and such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### [Negligence Per Se]

29. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

30. Pursuant to KRS 189.930(5),

> [u]pon approaching a stationary emergency vehicle or public safety vehicle, when the emergency vehicle or public safety vehicle is giving a signal by displaying alternately flashing yellow, red, red and white, red and blue, or blue lights, a person who drives an approaching vehicle shall, while proceeding with due caution: (a) Yield the right-of-way by moving to a lane not adjacent to that of the authorized emergency vehicle … or (b) Reduce the speed of the vehicle, maintaining a safe speed to road conditions, if changing lanes would be impossible or unsafe.

31. At the time of the collision, the emergency blue lights on Plaintiff's vehicle were on and functioning properly.

32. Defendant violated KRS 189.930(5), because, on the date of the collision, she failed to either yield the right-of-way by moving to a lane not adjacent to Plaintiff's vehicle or reduce her speed when her vehicle was approaching Plaintiff's vehicle.

33. Under KRS 446.070, "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

34. As a direct and proximate result of Defendant's violation of KRS 189.930(5), Plaintiff sustained injuries and damages.

35. Plaintiff demands judgment against Defendant and seeks compensatory damages, the costs of suit and, and such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### [Gross Negligence / Punitive Damages]

36. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

37. Defendant's actions described above were performed willfully, intentionally, and with reckless disregard of the life and safety of Plaintiff and was such an extreme departure from ordinary care, as to entitle Plaintiff to an award of punitive damages pursuant to KRS 411.184, KRS 411.185 and Kentucky's common law and the causes of action hereinabove.

38. As a direct and proximate result of Defendant's gross negligence, Plaintiff sustained injuries and damages.

39. As a result of Defendant's reckless, willful, wanton, and intentional conduct, it should be appropriately punished with the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
### [Underinsured Motorist Coverage]

40. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

41. At the time of this motor vehicle collision, the Plaintiff was insured under a certain automobile insurance policy issued by Defendant Kentucky Self-Insured Auto Program and designated as policy number Policy No. S1160. This policy constitutes an agreement whereby Defendant Kentucky Self-Insured Auto Program, among other things, provided underinsured motorist coverage in the amount of $350,000 per accident.

42. Plaintiff has fully complied, and is in full compliance, with all of the terms, conditions, and requirements of the policy of insurance with Defendant Kentucky Self-Insured Auto Program.

43. At all times mentioned herein Defendant Giese was an underinsured motorist as defined by the policy or policies of insurance with Defendant Kentucky Self-Insured Auto Program and by KRS 304.39-320.

44. The damages sustained by Plaintiff were caused by the negligence of Defendant Giese and said damages are in excess of the available liability insurance limits available to and covering Defendant Giese.

45. Defendant Commonwealth of Kentucky, through its Self-Insured Auto Program, is liable to Plaintiff for the amount by which Plaintiff's judgment exceeds Defendant Giese's liability coverage of $50,000.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays as follows:

a) For a judgment against Defendant Gail L. Giese for such sums as actual and compensatory damages, including pain and suffering and permanent impairment, in an amount as a jury may determine and in excess of the minimum jurisdictional limits of this Court;

b) For punitive damages against Defendant Gail L. Giese in an amount in excess of the minimum jurisdictional limits of this Court and in an amount sufficient to impress upon Defendant the seriousness of its conduct and to deter similar conduct in the future;

c) For underinsured motorist coverage from Defendant Commonwealth of Kentucky to fairly and reasonably compensate Plaintiff to the extent that his damages exceed the available liability insurance policy limits of $50,000.00.

d) For the costs of this suit, including attorney's fees; and

e) For any and all such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

/s/: J. Eric Rottinghaus
J. Eric Rottinghaus (89252)
Philip Taliaferro, III (50981)
TALIAFERRO, CARRAN, & COWHERD
1005 Madison Avenue
Covington, Kentucky 41011
Telephone: (859) 291-9900
Facsimile: (859) 291-3014
erottinghaus@tmsck.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing First Amended Complaint was filed and served on counsel of record via the Court's CM/ECF System on this ___ day of _____, 2017.