UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RODNEY C. PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-355-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GAIL L. GIESE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Commonwealth of Kentucky's motion to dismiss or, in the alternative, for summary judgment. [Record No. 25] Plaintiff Rodney C. Pratt ("Pratt") filed this case, asserting diversity jurisdiction. His claims against Defendants Gail L. Giese ("Giese") and the Commonwealth of Kentucky ("the Commonwealth") arise out of a motor vehicle accident that occurred when Giese's vehicle collided with Pratt's. [Record No. 19, ¶ 1] Pratt's claim against the Commonwealth is based on underinsured motorist ("UIM") coverage to which Pratt argues he is entitled. The Commonwealth argues that the claim asserted against it must be dismissed because it was filed outside the two-year contractual limitation period that is provided in the UIM endorsement. The Commonwealth's motion will be denied for the reasons that follow.

**I.**

Pratt was employed as a Kentucky state trooper and was on duty at the time of the accident. [*Id.* at ¶ 8] On September 21, 2014, Giese collided with Pratt while he was occupying a vehicle owned by the Kentucky State Police. [*Id.* at ¶¶ 9, 20] The vehicle was insured under

-1-

a policy that included an underinsured motorists coverage endorsement. [Record No. 25, Ex. 3][1] The Commonwealth was the named insured under the policy, but the UIM endorsement provided that "[a]nyone else 'occupying' a covered 'auto'" was also insured under the policy. [*Id.*] The UIM endorsement included the following limitations provision: "Any legal action against us under this Coverage Form must be brought within two years after the date of the 'accident'." [*Id.* at 3]

Pratt filed his first Complaint against Giese on September 16, 2016, within two years of the date of the accident (i.e., September 21, 2014). [Record No. 1] However, he did not name the Commonwealth as a defendant until he filed an Amended Complaint in January 2017, over two years after the date of the accident. [Record No. 19] Pratt thus failed to file his claim against the Commonwealth in compliance with the UIM limitations provision. Accordingly, if the limitations provision is enforceable, Pratt's claim is time-barred and must be dismissed. However, because the limitations provision is not enforceable under Kentucky law, the Commonwealth's motion will be denied.

**II.**

Generally, if a party presents matters outside the pleadings on a motion to dismiss under Rule 12(b)(6), the motion must be treated as one for summary judgment under Rule 56. Fed R. Civ. P. 12(d). However, "documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form part of the pleadings." *Miller v. Mylan, Inc.*, 741 F.3d 674, 678-79 (6th Cir. 2014); *see also Greenberg v. Life Ins. Co. of*

---

[1] The Commonwealth is named as a defendant in this action because the Commonwealth's Division of State Risk and Insurance Service operates the insurance program under which Pratt alleges he is covered. [Record No. 19, ¶ 19]

*Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). Thus, where a document attached to the motion to dismiss is central to the claim, the motion will not be converted into a motion for summary judgment. *Greenberg*, 177 F.3d at 514.

Here, it is not necessary to convert the Commonwealth's motion to dismiss into a motion for a summary judgment because the insurance policy that the Commonwealth attached to its motion is so central to Pratt's claims that it forms a part of the pleadings. Pratt directly references the insurance policy in his Amended Complaint and, referring to the policy, states "a copy of which is attached at Exhibit A." [Record No. 19, ¶ 21, 22, 41, 42] Pratt failed to attach the policy, but this statement demonstrates that he intended to do so and therefore deems the policy central to his claim. Further, the policy is central to Pratt's claim against the Commonwealth because the claim arises from and depends on the policy's coverage. *See Hobbs v. American Sec. Ins. Co.*, No. 3: 08-CV-00471-TBR, 2009 WL 366325, at *2 (W.D. Ky. February 13, 2009). Accordingly, the policy is a part of the pleadings and the Court will consider the Commonwealth's motion as a motion to dismiss.

The Commonwealth's limitations defense will be evaluated under Rule 12(b)(6) based on the Complaint's allegations and the attached insurance policy. A claim may be dismissed on limitations grounds under Rule 12(b)(6) "when it is apparent from the face of the complaint that the limit for bringing the claim has passed." *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992). In this case, the Complaint affirmatively establishes the date on which the accident occurred and the date that Pratt filed his claim against the Commonwealth, and the policy that is deemed part of the pleadings establishes the contractual limitations period. *See Korn v. Paul Revere Life Ins. Co.*, 238 Fed. Appx. 109, 111-12 (6th Cir. 2007) (evaluating a statute of limitations defense under Rule 12(b)(6) based on the

complaint's allegations and the limitations provision contained in the insurance policy, which the defendant had attached to its motion and was considered part of the pleadings). The Court is thus able to evaluate the Commonwealth's statute of limitations defense at the motion to dismiss stage.

**III.**

The state's substantive law regarding contract interpretation applies. *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir. 2000) (superseded by statute on other grounds) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Similarly, the state's statute of limitations applies. *Blaha v. A.H. Robins and Co.*, 708 F.2d 238, 239 (6th Cir. 1983) (citation omitted). Federal courts sitting in diversity are required to "apply state law in accordance with the controlling decisions of the state supreme court." *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys. Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). If the state's highest court has not addressed the issue presented by a particular case, the federal court "must predict how that court would rule, by looking to all available data." *Whitlock v. FSL Management, LLC*, 843 F.3d 1084, 1089 (6th Cir. 2016) (internal quotation marks and citations omitted).

In Kentucky, the statute of limitations for a written contract, including an insurance policy, is fifteen years. KRS 413.090(2); *Gordon v. Kentucky Farm Bureau Ins. Co.*, 914 S.W.2d 331 (Ky. 1995). Insurance companies are not "inhibited from contracting with their insured for a shorter period of time to file a contractual claim . . . ." *State Farm Mut. Auto. Ins. Co. v. Riggs*, 484 S.W.3d 724, 727 (Ky. 2016). However, a contractual limitations period will not be enforceable unless it is reasonable. *Id*. If the contractual limitations period is unenforceable, the fifteen-year statute of limitations will apply. *Gordon*, 941 S.W.2d at 332-33.

The issue in this case is whether the insurance policy's limitation period (which required the insured to file a claim within two years of the date of the accident) was reasonable. The statute of limitations for a plaintiff's claim against the alleged tortfeasor is provided under the Kentucky Motor Vehicle Reparations Act ("MVRA") and requires the tort action to "be commenced not later than two (2) years after the injury or death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." KRS 304-39.230(6). The policy's limitation is more restrictive than the MVRA's in that it does not allow for the two-year limitations period to be extended by the payment of basic reparation benefits ("BRB"). Pratt argues that the policy's limitation period is shorter than the MVRA's because it does not account for BRB payments[2] and that it is thus unreasonable and unenforceable. The Commonwealth responds that two years is reasonable because it allows insureds sufficient time to file their claims.

The Supreme Court of Kentucky has not determined whether a two-year limitation provision that does not account for BRB payments is reasonable. However, in *Riggs*, the Supreme Court of Kentucky held that a limitations provision that exactly mirrored the MVRA's limitations provision, including the extension for BRB payments, was reasonable. *Riggs*, 484 S.W.3d at 727. The court reasoned that "[t]wo years (or more if BRBs are paid) is enough time for the insured to discover the extent of automobile liability insurance coverage the tortfeasor has and whether that coverage will be sufficient for the suffered injuries."[3] *Id*.

---

[2]   Pratt often refers to the benefits as "Personal Injury Protection" rather than basic reparation benefits. These terms are interchangeable. *See Samons v. Kentucky Farm Bureau Mut. Ins.*, 399 S.W.3d 425, 428 (Ky. 2013).

[3]   The Commonwealth characterizes *Riggs* as holding that a two-year limitations provision is reasonable, but this case contains no such holding. The court did not consider a

at 728. It then upheld the trial court's decision that the limitation was enforceable and concluded that the insured's claim was untimely. *Id.* at 731.

Although the court did not *hold* that a contractual limitations period that is shorter than the MVRA's limitation period is unreasonable, there is language from this decision indicating that it would reach this conclusion if presented with the question.[4] In *Riggs*, the court observed that previous Kentucky cases have established the principle that "it is illogical to require a plaintiff to sue his own insurer before discovering whether or not the tort-feasor is in fact, [an] uninsured or underinsured motorist . . . ." *Id.* at 727 (citing *Gordon v. Kentucky Farm Bureau Ins. Co.*, 914 S.W.2d 331, 332 (Ky. 1995)). The court went on to note that, consistent with this principle, the insurer's limitations provision was not unreasonable because "providing the insured with the same time as a tort claim (perhaps longer depending on the duration of BRB payments) does not require . . . a plaintiff to sue his own insurer before discovering whether or not the tort-feasor is in fact an underinsured motorist." *Id.* at 727-28 (internal quotation marks and citations omitted). This language indicates that a contractual limitations provision must provide the plaintiff with at least as much time to bring a UIM claim as the plaintiff has to bring the tort claim against the tortfeasor under the MVRA. Accordingly, it appears that a

---

two-year limitations provision without exception like the one seen in this case. Instead, it considered a provision that replicated the MVRA and held that this provision was reasonable.

[4] The Court of Appeals of Kentucky has concluded that a two-years limitation provision was reasonable. *Brown v. Mitsui Sumitomo Ins. Co.*, 492 S.W.3d 566 (Ky. Ct. App. 2016). However, the court's analysis was brief and fact-specific, and the court concluded by saying "*[u]nder these facts*, we simply cannot say two years is an unreasonable contractual window for filing a UIM claim." *Id.* at 573 (citing *Riggs*, 484 S.W.3d 724). Based on this statement, the case does not appear to establish a general holding applicable in all cases. Moreover, for the reasons stated below, it is unlikely that the Supreme Court of Kentucky would agree with the court's conclusion.

limitations provision that provides less time by failing to account for BRB payments would be unreasonable under Kentucky law.

In *Brown v. State Auto*, 189 F. Supp. 2d 665 (W.D. Ky. 2001), the court concluded that a two-year contractual limitation provision for filing a UIM claim that did not include an extension for BRB payments was unreasonable. The court discussed the portion of the *Gordon* decision later quoted by the court in *Riggs* and stated that the Supreme Court of Kentucky would "find it unreasonable to require an insured to sue her insurer for underinsured motorist benefits prior to being required to sue the tortfeasor, and thus to determine whether or not the tortfeasor is in fact underinsured." *Id*. at 671. The court concluded that the insurer's two-year limitations provision, which was shorter than the period provided for the tortfeasor in that it did not include an extension for BRB payments, was unreasonable and could not be enforced to dismiss the plaintiff's claim for UIM benefits. *Id.*

Based on the *Riggs* decision, the Court predicts that the Supreme Court of Kentucky would conclude that a two-year limitations provision such as the one at issue in this case is unreasonable and unenforceable. The court in *Riggs* stated that it is a principle of Kentucky law that it is unreasonable to require a plaintiff to file suit against an insurer before the plaintiff is required to sue the tortfeasor and thus determine whether the tortfeasor is underinsured. A limitations provision that requires the plaintiff to file its claim against the insurer within two years when the plaintiff is potentially not required to sue the tortfeasor until a later date on which the plaintiff received a BRB payment would violate this principle.[5]

---

[5] The Supreme Court of Kentucky has given no indication that the factual circumstances of a particular case are relevant to the reasonableness analysis. It is irrelevant that the Plaintiff filed his claim against the other defendant within two years, and that he has not received BRB payments such that the statute of limitations under the MVRA may also be two years. Instead,

**IV.**

Accordingly, it is hereby

**ORDERED** that the Commonwealth's motion [Record No. 25] is **DENIED**.

This 30th day of May, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

the court's reasoning in *Riggs* suggests that the analysis is based on the general application of the limitations provision.